**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| JESSICA MELGAR MORATAYA, | * |
| | |
| Plaintiff, | * |
| v. | *      Case No.: GJH-13-01888 |
| | * |
| NANCY'S KITCHEN OF SILVER SPRING, INC. *et al.,* | |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees, ECF No. 80, and Plaintiff's Motion to Withdraw Memorandum in Support of Motion for Attorney's Fees and Costs and Substitute a New Corrected Memorandum ("Motion to Withdraw and Substitute"), ECF No. 89. No hearing is necessary. Local Rule 105.6 (D. Md.). Because Plaintiff has submitted her substitute Memorandum within thirty-five days from the date the Motion for Attorney's Fees was filed, *see* Local Rule 109.2(a), the Court will grant the Motion to Withdraw and Substitute, ECF No. 89. For the following reasons, Plaintiff's Motion for Attorney's Fees, based upon the new corrected Memorandum, is granted in part.

## I. BACKGROUND

### A. Factual and Procedural History

This case arises out of a dispute between Plaintiff Jessica Marlene Melgar Morataya ("Plaintiff" or "Morataya") and Defendants Nancy's Kitchen of Silver Spring, Inc. ("Nancy's Kitchen") and Roy G. Barreto (collectively, "Defendants") under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code. Lab. & Empl.
§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code. Lab. & Empl.
§ 3-501 *et seq.* Following a two-day bench trial on October 26 and 27, 2015, the Court entered
judgment in favor of Plaintiff and awarded damages in the amount of $66,571.18 in a
Memorandum Opinion dated May 20, 2016. ECF No. 78. Pursuant to Local Rule 109.2(a),
Plaintiff timely moved for an award of attorney's fees and costs on June 3, 2016. ECF No. 80.
Defendants submitted a Motion in Opposition on June 17, 2016. ECF No. 88. On June 30, 2016,
Plaintiff's counsel submitted a Motion to Withdraw and Substitute a New Corrected
Memorandum due to errors in their initial attorney's fees spreadsheet. ECF No. 89. Defendants
did not consent to this Motion and filed an Opposition to Plaintiff's Motion to Withdraw and
Substitute. ECF No. 93. Plaintiff filed a Reply in Support of her Motion to Withdraw on July 27,
2016. ECF No. 94.

In her initial motion, ECF No. 80, Plaintiff requested $107,871.30 in attorney's fees and
$7,040.45 in costs. In the substituted motion, ECF No. 89-1 at 20,[1] Plaintiff requested
$121,239.80 in attorney's fees, based upon the corrected spreadsheet, and $7,040.45 in costs.
Plaintiff also submitted a Supplemental Motion requesting an additional $6,528.00 for the 21.1
hours spent on this case since filing the original Motion for Attorney's Fees. ECF No. 92. In her
Reply in Support, Plaintiff conceded two deductions totaling $265.00. ECF No. 94 at 9.
Therefore, Plaintiff is now requesting $127,502.80 in fees and $7,040.45 in costs, for a total
amount of $134,543.25.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by
that system.

2

**B. Plaintiff's Motion to Withdraw and Substitute**

In Plaintiff's Motion to Withdraw and Substitute, counsel states that the first Motion for

Attorney's Fees and Costs, ECF No. 80 was "based on a flawed fees spreadsheet." ECF No. 89-1

at 1. Counsel explains:

> To prepare the spreadsheet that became Exhibit A of the Motion
> for Attorney's Fees and Costs, ECF No. 80-3, a law clerk
> downloaded the electronically recorded billing data onto an Excel
> spreadsheet. ([Porter Decl., ECF No. 89-3] ¶ 5(a).) . . . To conform
> to the requirements of Appendix B of the Local Rules, the entries
> were sorted into separate categories. (*Id.* ¶ 5(b).) In doing so, the
> Columns A, B, and C for each entry were always moved together;
> however, Column D, containing the amount of time taken to do
> each task, was not always moved along with the rest of the
> columns in the entry. (*Id.*) The resulting document thus accurately
> describes each task performed, the person who performed each
> task, and the date he or she performed it. (*Id.* ¶ 5(c).) But, for the
> vast majority of the entries, Column D, which states the hours
> worked, did not correctly match the tasks performed, as reflected
> in the specific time entries. (*Id.*)

ECF No. 89-1 at 4. In support of the Motion to Withdraw and Substitute, Plaintiff also submits a

sworn declaration of Robert Porter, an associate attorney and timekeeper at Melehy & Associates

LLC, counsel for Plaintiffs. Porter Decl., ECF No. 89-3. Mr. Porter avers that he "thoroughly

investigat[ed] the matter" and understood the aforementioned explanation to be the reason for the

errors in the first spreadsheet. *Id.* at 2.

In opposition to Plaintiff's Motion to Withdraw and Substitute, Defendants assert that

Plaintiff's counsel has submitted "false, misleading and untruthful representations regarding his

time records and the activities supported by the time records," and that such action constitutes a

Fed. R. Civ. P. Rule 11(b) violation warranting sanctions and denial of attorney's fees. ECF No.

93 at 3. Defendants claim that "Plaintiff offers no sensible reason as to why the second set of

time records should be accepted by this court." *Id.* at 4.

3

Rule 11 sanctions are not appropriate here. Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support . . ." Fed. R. Civ. P. 11(b). Notwithstanding that a motion for sanctions must be made separately from any other motion and served on the opposing party 21 days before filing it with the court, *see* Fed. R. Civ. P. 11(c)(2) (describing what is known as the "safe harbor" provision), the Court acknowledges that Plaintiff's counsel "has admitted to, apologized for, explained the cause of, and corrected [the] errors [in the initial faulty spreadsheet]." ECF No. 94 at 2. Plaintiffs took affirmative steps to correct the errors with the Court, and did not seek to recover fees for the time spent drafting either the Motion to Withdraw and Substitute or Reply in Support. ECF No. 89-1 at 2; ECF No. 94 at 1. Based on a review of the applicable time sheets, the Court accepts that "Plaintiff's counsel has maintained adequate records; the errors were in the spreadsheet counsel created, not the underlying contemporaneous billing records." ECF No. 94 at 4. Thus, the Court will not issue sanctions or deduct attorney's fees for this oversight, and will accept Plaintiff's request to withdraw ECF No. 80 and review Plaintiff's New Corrected Memorandum, ECF No. 89.

## II.     STANDARD OF REVIEW

The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory, 29 U.S.C. § 216(b), while the amount awarded is within the sound discretion of the trial court. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). To recover attorney's fees and costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a generous formulation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This Court entered

4

judgment in favor of Ms. Morataya at trial; therefore, she is a "prevailing party" entitled to attorney's fees. The Court must now determine what fee is "reasonable." *Hensley*, 461 U.S. at 433.

The most useful starting point for establishing the proper amount of an award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Id.*; *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Id.* at 175 (citing *Hensley*, 461 U.S. at 437). "When the plaintiff prevails on only some of the claims, the number of hours may be adjusted downward; but where full relief is obtained, the plaintiff's attorney should receive a fully compensatory fee and in cases of exceptional success, even an enhancement." *Id.* at 174–75 (internal citations omitted). In assessing the overall reasonableness of the lodestar, the court may also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) ("the Johnson factors"), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the questions raised; (3) The skill requisite to perform the legal services properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship between the attorney and the client; and (12) Attorney's fee awards in similar cases.

*See Caperton*, 31 F.3d at 175.

The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."

*Hensley*, 461 U.S. at 437. The party challenging the requested award "bears the burden of explaining its objections with sufficient detail and specific reference to the plaintiff's time records to allow the court to evaluate those challenges without itself pouring over the time records searching for unnecessary charges." *Nelson v. A&H Motors, Inc.*, Civil No. JKS 12-2288, 2013 WL 388991, at *3 (D. Md. Jan. 30, 2013) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

## III.    DISCUSSION

### A. Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). The court may rely on "affidavits from other attorneys attesting to the reasonableness of the hourly rates," and also the court's "knowledge of the market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at *3 (D. Md. Aug. 11, 2011). In this District, the Court's "market knowledge" is set forth in Appendix B of the U.S. District Court of Maryland Local Rules, which provides Guidelines Regarding Hourly Rates based upon length of professional experience, as follows:

> (a) Lawyers admitted to the bar for less than five (5) years: $150-225.
>
> (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
>
> (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
>
> (d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

> > (e) Lawyers admitted to the bar for twenty (20) years or more: $300-475.
> >
> > (f) Paralegals and law clerks: $95-150.

Loc. R. app. B(3) (D. Md. July 1, 2016).[2] Plaintiff asks the Court to award attorney's fees at the following rates: Omar Vincent Melehy: $475.00 (member of the bar since 1987); Suvita Melehy: $375.00 (worked as an attorney since 1997); Robert Porter: $300.00 (member of the bar since 2004); William Steinwedel: $175.00 (member of the bar since 2010); Aaron Robison: $175.00 (member of the bar since 2012); and paralegals: $110.00. ECF No. 89-1 at 12–14; Melehy Declr., ECF No. 80-4 at 2, 6–7. These rates are within the ranges set forth in Appendix B. Further, the Court acknowledges that "Plaintiff's counsel is proposing rates that are below *Laffey* Matrix[3] rates, below the firm's customary and normal rates, and below the rates in the firm's retainer agreement with Plaintiff." ECF No. 90 at 7–8; *see also* ECF No. 89-1 at 15. The proposed rates are hence reasonable, and Defendants have not presented arguments to the contrary.

### B. Reasonable Hours

As required by Appendix B of the Local Rules, counsel for Plaintiff submitted their fee application accompanied by time records organized by litigation phase: (i) case development, background investigation, and case administration; (ii) pleadings; (iii) interrogatories, document production, and other written discovery; (iv) depositions; (v) motions practice; (vi) attending

---

[2] The Court adopted these rates in July 2014. Prior to July 2014 and at all times relevant to this action, the rates were as follows: (a) Lawyers admitted to the bar for less than five (5) years: $150-190. (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-250. (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-300. (d) Lawyers admitted to the bar for fifteen (15) years or more: $275-400. (e) Paralegals and law clerks: $95-115. *See* Loc. R., app. B(3) (D. Md. February 1, 2013). While some work on this case was performed prior to July 2014, footnote 6 to Appendix B notes that, "One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines." *Id.* n.6. Therefore, the Court will apply post-July 2014 Local Guidelines rates to all entries in this case.

[3] The *Laffey* matrix is a metric primarily used by the U.S. Attorney's Office to calculate rates for attorneys practicing in Washington, D.C. *See Kabore v. Anchor Staffing, Inc.*, Civil Case No. L-10-3204, 2012 WL 5077636, at \*9 (D. Md. Oct. 17, 2012).

7

court hearings; (vii) trial preparation and post-trial motions; (viii) attending trial; (ix) ADR; and (x) fee petition preparation. Defendants have objected to numerous individual time entries in five of these categories. The Court will offer a summation of the arguments raised and its own determination herein.

### i.  Time Spent on Written Discovery

First, Defendants claim that specific time entries spent on written discovery were unreasonable. ECF No. 93 at 4. For example, Defendants argue that certain subpoenas, interrogatories, and document requests were "form documents" and therefore should not have taken the amount of time that Plaintiff's counsel billed. ECF No. 93 at 4 (citing ECF No. 89-2 at Nos. 131, 132, 99, 151, 152, 156).[4] Plaintiff counters by arguing that "these written discovery requests were carefully tailored to the specific facts of the case" and explaining that time was added due to the use of a Spanish-language interpreter. ECF No. 94 at 5. Plaintiff also explains that 2.0 hours to review bank records was reasonable and indeed essential to determine whether Nancy's Kitchen met the $500,000 threshold under the FLSA. *Id.* Defendant offers no case law or substantiation for their claims that such hours are unreasonable. The Court agrees that these entries are reasonable and should not be deducted from the lodestar.

### ii.  Time Spent on Depositions

Second, Defendants claim that time spent on depositions was unreasonable. ECF No. 93 at 4. Specifically, Defendants object to billing for drafting the deposition subpoena for Blanca Guzman because Ms. Guzman's deposition was ultimately cancelled. *Id.* (citing ECF No. 89-2, No. 232). Plaintiff's counsel now concedes that although drafting the subpoena was reasonable at the time, they will agree to deduct this entry of $175.00 because Ms. Guzman was not ultimately deposed. ECF No. 94 at 6. Defendants' other objections to Plaintiff's time entries spent on

---

[4] Numbered citations here refer to specific billing entries in Plaintiff's timesheets, ECF No. 89-2.

deposing Roy and Vanda Barreto, Yung Jun, and Agnelo Gonsalves are without merit. ECF No. 93 at 4 (citing, *e.g.*, ECF No. 89-2, Nos. 203, 212, 225, 248, 261). During discovery, Plaintiff's counsel determined that Ms. Barreto, Mr. Yun, and Mr. Gonsalves were essential sources of information, as they were individuals employed by Nancy's Kitchen and close to the facts of the case. ECF No. 94 at 7. Mr. Yun and Mr. Gonsalves were Defendants' accountants, and their testimony was thus "key to showing Nancy's Kitchen met the $500,000 FLSA threshold." *Id.* The hours spent preparing for their depositions were not unreasonable.

### iii.   Time Spent on Motions Practice

Defendants then argue that time spent on motions practice was unreasonable because "granting of the motions did not result in any lessening of trial time" and "these motions involved no novel or new issues of law, no novel or controversial case law and no multiple plaintiffs." ECF No. 93 at 5 (citing, *e.g.*, ECF No. 89-2, Nos. 286, 291, 300, 304, 335). The Court cannot agree. Plaintiff's first dispositive motion addressed whether Nancy's Kitchen was covered under the FLSA as "an enterprise engaged in commerce," whether Defendants were entitled to a "tip credit" as an offset, and whether Mr. Barreto was individually liable for Nancy's Kitchen's wage violations. ECF No. 39. Plaintiff's second partially-dispositive motion addressed whether Defendants could use their weekly cash tip remittances as an offset against their wage obligations. ECF No. 42. As evidenced by the lengthy motions for summary judgment and accompanying exhibits submitted by either side, litigating these issues involved extensive fact gathering and legal analysis. ECF No. 37; ECF No. 39. Resolving these issues through motions practice, while protracted, narrowed the issues for trial. Defendants' arguments here are thus unpersuasive.

9

### iv. *Time Spent on Trial Preparation*

Next, Defendants claim that time spent on trial preparation, 21.3 hours, was
unreasonable. ECF No. 93 at 5 (citing, *e.g.*, ECF No. 89-2, Nos. 368, 374, 381, 395, 405, 406).
Again, Defendants offer no citations to authority or other support for this claim. Plaintiffs'
counsel counter by arguing that, "21.3 hours is a remarkably short amount of time to prepare for
a trial in federal court." ECF No. 94 at 8. The Court cannot say that Plaintiff's time entries on
these activities are unreasonable.

### v. *Time Spent on Fee Petitions*

Finally, Defendants assert that time spent on the fee petition was unreasonable. ECF No.
93 at 5. Plaintiff's counsel responds that drafting the motion for attorney's fees required legal
research and explanation of all of their work on the case. ECF No. 94 at 8. Indeed, Appendix B
of the Local Rules specifically provides for reasonable attorney's fees for "fee petition
preparation." Loc. R. app. B(1)(b)(x). The Court does not find the time Plaintiff spent on
preparing the fee petition to be unreasonable.

## C. Successful or Unsuccessful Claims

Defendants argue that because summary judgment was eventually granted in favor of
Mrs. Vanda Barreto—the wife of Defendant Roy Barreto and former employee of Nancy's
Kitchen—Plaintiff's attorney's fees and costs accrued while litigating claims against Mrs.
Barreto should be deducted. ECF No. 88 at 2–3. Defendants do not point to specific entries
involving solely Mrs. Barreto, but ask the Court to "cut the requested attorney's fees and costs by
at least one third." *Id.* at 3.

In its earlier opinion, this Court ruled that Vanda Barreto was not Plaintiff's employer
and thus dismissed her from the case. ECF No. 44 at 5–9. However, simply because one

10

defendant in a multi-defendant case is ultimately dismissed from the suit does not mean the Court must make a corresponding deduction in attorney's fees. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Cartage Co.*, 992 F. Supp. 980, 984 (N.D. Ill. 1998) (declining to reduce fees when one of two defendants was dismissed from the case where remaining defendant could not point to work done solely on the claim against the dismissed defendant). When claims involve a "common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Andrade*, 852 F. Supp. 2d at 640 (citing *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998)). "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The same principle holds true for multiple defendants, in so far as the legal work done on the defendants is jointly related. *See Cartage Co.*, 992 F. Supp. at 984.

Here, Plaintiff's claims against Mrs. Barreto mirrored Mr. Barreto, therefore the legal work done on both Mr. and Mrs. Barreto was intertwined. *See* ECF No. 1; ECF No. 90 at 3. Defendants have not carried their burden to show the Court that hours that appear to be "blended" are "in fact segregable." *See Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 127 (1st Cir. 2004).[5] Further, as Plaintiff notes, "while Plaintiff's counsel did spend time deposing her, Mrs. Barreto would have been a key witness even if she were not a party: she was one of only a few people who worked in the restaurant and she prepared Plaintiff's weekly cash payments and handed them to Plaintiff." ECF No. 90 at 2. The Court will not deduct attorney's fees on this basis.

---

[5] Indeed, the very entries Defendants cite on this point, ECF No. 89-2 at Nos. 203, 204, and 206, specifically state "Preparing for the depositions of Roy *and* Vonda Barreto" (emphasis added).

11

### D. *Johnson* factors[6]

#### i. *Novelty and Difficulty of Questions Raised, & Requisite Skill*

Defendants contend that "[t]here was absolutely no novelty or difficulty as to questions presented in this case" and ""the services rendered in this case could have been rendered by more junior attorneys at more junior hourly rates." ECF No. 88 at 3. Defendants' arguments are not persuasive. This case involved litigating multiple dispositive motions and a two-day trial. Plaintiffs also note the difficulty and time-intensity of litigating this case due to Defendants' aggressive strategies. ECF No. 90 at 4. As the Supreme Court aptly noted in *City of Riverside*, a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986). Moreover, the novelty and complexity of a case and the skill required are generally already reflected in the rates applied and hours expended. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). Therefore, the Court does not find the application of the *Johnson* factors here to warrant a downward departure from the lodestar amount.

### E. Costs

Defendants have not objected to Plaintiff's requests for costs, ECF No. 80-9. Therefore, the Court will grant those amounts in full.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees based upon the New Corrected Memorandum, ECF No. 89, is granted in part. The Court will apply the deductions of $265.00 specified in Plaintiff's Reply in Support, ECF No. 94, and will grant the revised amount

---

[6] The Supreme Court has "recently shed doubt on the reliability" of utilizing the twelve *Johnson* factors, arguing that such an approach may lead to subjective application and disparate results. *See Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645–646 (D. Md. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Accordingly, the Court will only address the factors that are relevant and raised by the parties.

of \$127,502.80 in fees (including the supplemental fees of \$6,528.00, ECF No. 92) and

\$7,040.45 in costs. A separate Order shall issue.

Date: November 8, 2016

George J. Hazel
United States District Judge